**SCHUHMACHER CO. v. DAVIS.**
**DAVIS.**

No. 10326.

Court of Civil Appeals of Texas.
Galveston.

Feb. 25, 1937.

John Schuhmacher, of Houston, for plaintiff in error.

Harry Dow, of Houston, for defendant in error.

CODY, Justice.

Plaintiff in error, the Schuhmacher Company, a wholesale grocery concern of Houston, brought this suit against Dave Davis, defendant in error, a retail grocery man of Houston, in the county court at law, on open account and to recover interest at the rate of 8 per cent. per annum thereon.

Defendant in error claimed on the trial that he had paid for the goods for which plaintiff in error was suing him, and that plaintiff in error had applied such payments to his account for goods which he, defendant in error, had formerly purchased on a credit, and that such application was contrary to his specific instructions. The undisputed evidence is that plaintiff in error did apply payments made to it by defendant in error, after March, 15, 1932, to the satisfaction of the oldest items owed to it by defendant in error; and introduced evidence to the effect that upon such date it informed the defendant in error that it would not permit him to increase his unpaid account with it to any further extent, and that thereafter, when it delivered him a bill of goods, he must make a payment of the approximate value thereof, to be applied to the oldest items on his account.

■ This issue was one of fact and was submitted to the court, and the trial court, in rendering judgment for defendant in error, must have resolved such issue in favor of defendant in error's contention and against that made by plaintiff in error.

■ Plaintiff in error attacks the judgment as contrary to the evidence, and as

not supported by the evidence. This assignment we cannot sustain. Plaintiff in error does not complain that the judgment is against the great preponderance of the evidence. Plaintiff in error not having attacked the judgment as contrary to the great preponderance of the evidence, this court is not authorized to do so for it. While it appears upon a cursory examination of the statement of facts that the judgment of the trial court was against the great preponderance of the evidence, defendant in error was under no obligation to discuss any such issue in his brief, as it had not been raised by plaintiff in error, and, as stated, we are without authority to reverse the judgment on any grounds not assigned as error, and which do not appear on the face of the record.

Plaintiff in error further complains of the trial court's violation of rule 66 covering trials in district and county courts, but fails to show that, had the trial court not rendered judgment on next to the last day of the term, the result would have in anywise been different, or that plaintiff in error was prejudiced thereby. While it is true that plaintiff in error presents in an assignment of error that defendant in error stated after the trial, and after the expiration of the term, that he was excited and angry while on the stand, and didn't realize what he was saying, and that his evidence as to instructing plaintiff in error as to applications to be made of his payments was in error, this is wholly outside of the record in this case, and wholly inconsistent with defending the suit. Plaintiff in error might have filed an action in the nature of a bill of review setting up such matter and proved it up; we cannot consider simple unsworn ex parte statements forming no part of the record in the case, other than as incorporated in an assignment of error, and not relating to any matter occurring at the trial, or before the term ended.

No reversible error having been called to our attention, we believe the judgment of the trial court should be affirmed, and it is so ordered.

Affirmed.